Judge Cabell,
delivered the opinion of the Court.
These four cases depend on principles common to them all. The actions were brought on specialties; and the de» fendants sought to avoid them by pleas, stating that the obligations had been obtained by fraudulent misrepresentations made by the plaintiffs. But, the circumstances relied on, did not relate to the execution of the specialties; they went to shew a want of consideration only.
*427 The ease of Taylor v. King, 6 Munf. 358, is a conclusivc authority, that a specialty cannot be avoided in a Court of Law, on such grounds. The judgment in the case of Wyche v. Mackiin, where this very 'estion was brought before the Court by the demurrer, must, therefore, be affirmed. There is nothing in this opinion, opposed. to the decision in Wormley's ex’r. v. Moffet, 6 Munf. 120. There the plaintiff waived the estoppel, and joined issue on the fact, lie was, therefore, held to be bound by the verdict. But, here he insists on the estoppel, and is entitled to its benefit.
It is contended, however, by the counsel for the appellants, that the Court below erred in the three other cases, in rejecting the pleas of the defendants; that the proper course was, to receive the pleas, leaving it to the plaintiffs to reply or to demur. But, as these pleas were offered on setting aside the office-judgments, the application was addressed to the sound discretion of the Court. On such occasions, although the Court is to look only to the matter of the plea, it should receive none, (if objected to,) that does not go to the merits of the action; it should reject all that contain no ground of legal defence whatever.
In the case of Gee v. Malone, in addition to the plea which states the particular misrepresentations, alledged to have been made by the plaintiff, there is a plea stating, in general terms, that the obligation was obtained by fraud, covin and misrepresentation, by the plaintiff, in collusion with others, and concluding, that the obligation is, therefore, “void in law.” The conclusion of this plea shews, that the fraud complained of relates to the consideration only; and, therefore, as in the other more special pleas, if is unavailing in a Court of Law.
The judgments, in all the cases, are affirmed.